UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR IXIS 2006-HE3,

       Plaintiff

v.                                    Case No.

JAMES P. MOYNIHAN and DURHAM
COMMERCIAL CAPITAL CORP.

       Defendants

COMPLAINT

Introduction

       Plaintiff seeks an order establishing the terms of an adjustable rate note held by the Plaintiff and given by the Defendant, James P. Moynihan, to New Century Mortgage Corporation pursuant to M.G.L. c. 106, sec. 3-301 and M.G.L. c. 106, sec. 3-309. The note is lost and Plaintiff wishes to proceed to foreclosure but cannot without an order of this Court establishing the terms of the lost note.

Parties

       1.      Plaintiff, Deutsche Bank National Trust Company, is a national bank chartered and existing under the laws of the United States of America serving in the capacity of Trustee for IXIS 2006-HE3 ("Deutsche Bank") with a principal place of business at 1761 Saint Andrew Place, Santa Ana, California 92705.

       2.      Defendant, James P. Moynihan, is an individual with a principal residence of 619-621 Stevens Street, Lowell, Massachusetts 01851.

       3.      Defendant, Durham Commercial Capital Corp., is a New York Corporation with a principal place of business at 101 Sully's Trail, Building 20, Pittsford, New York 14534.

<u>Jurisdiction and Venue</u>

4.      The Court has original jurisdiction over this action involving the Plaintiff's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332. Here, there is complete diversity between the Plaintiff on the one hand and the Defendants on the other. In addition, the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which Plaintiff now seeks to foreclose exceeds $688,000.00.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2) as the Property is located in Massachusetts.

<u>Facts</u>

6.      The Defendant, James P. Moynihan ("Moynihan"), acquired the property known as 619-621 Stevens Street, Lowell, Massachusetts (the "Property") by deed of Ronald A. Cochran and Kathleen M. Cochran dated August 28, 2003 and recorded with Middlesex North Registry of Deeds in Book 16104, Page 44.

7.      Moynihan gave a promissory note to New Century Mortgage Corporation ("New Century") in the original principal amount of $360,000.00 dated May 1, 2006 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8.      The Note bears a single endorsement by New Century and is thus bearer paper pursuant to G.L. c. 106, §3-205(b).

9.      Plaintiff acquired physical possession of the Note as endorsed in blank by New Century on or about May 12, 2006.

10.     To secure the repayment and other obligations contained in the Note, Moynihan

granted a mortgage encumbering the Property to New Century in the original principal amount of $360,000.00 dated May 1, 2006 and recorded with said Middlesex North Deeds in Book 20067, Page 159 (the "Mortgage").   A copy of the Mortgage is attached hereto as Exhibit B.

11.     Pursuant to a certain Mortgage Loan Purchase and Servicing Agreement ("MLPSA") by and between NC Capital Corporation as "Initial Purchaser" and New Century Mortgage Corporation as the "Company" dated as of December 1, 1998, as amended and/or supplemented from time to time, New Century Mortgage Corporation ("New Century") sold the loan evidenced by the Note and Mortgage (the "Loan"), including all of New Century's right, title and interest in and to the Note, to NC Capital Corporation ("NC Capital").  The MLPSA provided for the sale, from time to time, of pools of mortgage loans from New Century to NC Capital on Closings Dates determined from time to time by the parties to such agreement.

12.     NC Capital, in turn, as Seller sold the Loan, including all of its right, title and interest in and to the Note, to IXIS Real Estate Capital, Inc. ("IXIS") as Purchaser pursuant to the terms of a Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement dated as of April 1, 2006.  This agreement provided for the sale, from time to time, of pools of mortgage loans from NC Capital to IXIS on Closing Dates determined from time to time by the parties to such agreement.

13. IXIS, in turn, as Unaffiliated Seller, sold the Loan, including all of its right, title and interest in and to the Note, to Morgan Stanley ABS Capital I Inc. ("Morgan Stanley") as Depositor effective as of the September 29, 2006 "Closing Date" designated therein.

14.     Morgan Stanley transferred the Loan, including all of its right, title or interest in the Note to Deutsche Bank pursuant to a certain pooling and servicing agreement dated

September 1, 2006 establishing the IXIS Real Estate Capital Trust 2006-HE3, Mortgage Pass-Through Certificates Series 2006-HE3 by and between Morgan Stanley ABS Capital I, Inc. as Depositor, Wells Fargo Bank, National Association as Master Servicer, Back Up Servicer and Securities Administrator, Saxon Mortgage Services, Inc. and Master Financial, Inc. as Servicers, IXIS Real Estate Capital, Inc. as Unaffiliated Seller and Deutsche Bank as Trustee and Custodian. The transfer was effective as of the September 29, 2006 "Closing Date" designated therein.

15.     New Century assigned the Mortgage to the Plaintiff by assignment dated November 11, 2008 and recorded with said Middlesex North Deeds in Book 22959, Page 228. A copy of the Assignment is attached hereto as Exhibit C.

16.     The validity of the foregoing assignment was litigated in the Land Court Department of the Trial Court in the matter of *James P. Moynihan v. Deutsche Bank National Trust Company,* 10 MISC 436699.  This litigation resulted in a final Judgment issued by Hon. Gordon Piper on December 30, 2011 wherein it was ordered, adjudged and declared that Plaintiff was the then current record holder of the Mortgage by virtue of the aforesaid assignment recorded with Middlesex North Deeds in Book 22959, Page 288.  A copy of the Judgment is attached hereto as Exhibit D.

17.     No appeal, timely or otherwise, was ever filed in connection with the aforesaid December 30, 2011 Judgment.

18.     Moynihan has defaulted in his monthly payment obligations due under the Note and Mortgage and Plaintiff seeks to foreclose its Mortgage pursuant to the power of sale contained therein but cannot until the terms of the lost note and Plaintiff's ownership thereof are established by an order of this Court.

19.     The Defendant, Moynihan, filed a chapter 7 bankruptcy petition with the United States Bankruptcy Court for the District of Massachusetts, Case No. 08-42021-HJB, on June 23, 2008.  The Bankruptcy Court granted Moynihan a chapter 7 discharge in the aforesaid case on October 6, 2008, thereby discharging him of any personal liability he might otherwise have had under the terms and conditions of the Note and leaving the foreclosure of the Mortgage as Deutsche Bank's sole recourse as a result of Moynihan's default of his obligations under the Note and Mortgage.

20.     On or about July 20, 2011, Deutsche Bank relinquished temporary  physical custody of the original Note to Ocwen Loan Servicing, LLC, as servicer of the Loan for Deutsche Bank, to facilitate Ocwen's institution and direction of foreclosure of the Mortgage on behalf of Deutsche Bank in accordance with applicable law.

21.     On about August 16, 2011, Ocwen returned the original collateral file containing the original Note to Deutsche Bank.

22.     Deutsche, on or about October 18, 2011, once again relinquished temporary physical custody of the original collateral file which included the original Note to Ocwen for purposes of prosecuting foreclosure of the Mortgage.

23.     On or about November 21, 2011, Ocwen delivered the original Note to the law firm then known as Ablitt Scofield, P.C. ("Ablitt-Scofield") of Woburn, Massachusetts for the sole purposes of commencing and prosecuting a foreclosure action on behalf of Deutsche Bank as owner of the loan evidenced by the Note and Mortgage.

24.     Sometime in 2012 or earlier, Ablitt Scofield, P.C. began to experience issues with its cash-flow.

25.     Consequently, on or about November 7, 2012 the Ablitt Scofield, P.C. entered into a factoring agreement styled "Nonrecourse Receivables Purchase Contract and Security Agreement" (hereinafter the "Factoring Agreement") with the Defendant Durham Commercial Capital Corporation ("Durham") pursuant to which Durham would purchase certain of Ablitt-Scofield's receivables at terms specified therein up to a maximum advance for such receivables at any given time of $1,200,000.00.

26.     Durham exacted various factoring fees per invoice and annual origination fees from Ablitt-Scofield in such Factoring Agreement in whole or partial consideration for agreeing to purchase Ablitt-Scofield's invoices and to thereby assume the risk of non-payment due to the financial inability of the account debtor to repay.

27.     In the Factoring Agreement, Ablitt-Scofield granted Durham a security interest in various collateral of Ablitt-Scofield, including all accounts, "promissory notes, chattel paper" and, "general intangibles" intangibles as further described therein to secure Ablitt-Scofield's obligations in such agreement.

28.     Upon information and belief, as overall stability and financial strength of Ablitt-Scofield began to deteriorate in 2013 and early 2014, Durham began to exert a level of managerial control over the affairs of Ablitt-Scofield culminating in one of Durham's employees and/or principals, Brian Mosher, establishing an office at Ablitt-Scofield's Woburn, Massachusetts location on or about May, 2014.

29.     On or about March 4, 2014 Ablitt Scofield, P.C. changed its name to Connolly, Geaney, Ablitt and Willard, P.C. ("CGAW").  CGAW continued to maintain its principal office in Woburn, Massachusetts.

30.     In late July, 2014, CGAW shuts its doors after several months of financial turmoil and ceased operations.

31.     In August, 2014 and shortly after Ocwen learned that CGAW had ceased operations, management level personnel from Ocwen visited the physical offices of CGAW in Woburn, Massachusetts to retrieve so many of their on-going foreclosure, eviction, bankruptcy and litigation files then being handled by CGAW and transfer them to other counsel retained by Ocwen to complete prosecution or defense thereof as applicable.

32.     An involuntary Chapter 7 bankruptcy petition was filed on behalf of CWAG by three of more of its creditors with the United States Bankruptcy Court for the District of Massachusetts on or about September 3, 2014 as Case No. 14-14164.

33.     CWAG never returned the original Note to Ocwen or to Deutsche Bank directly and the original Note, despite diligent search, was not found by the Ocwen personnel who visited the CGAW offices in August of 2014.

34.     Despite diligent search, neither Ocwen nor Deutsche Bank has been able to determine the present whereabouts of the original Note.

35.     Upon information and belief, Durham took possession, custody and control over Ablitt-Scofield's assets, files, records, electronically stored data, hard drives and/or case management systems, not otherwise identified and retrieved by Ablitt-Scofield's former clients.

36.     Upon information and belief, the missing original Note is amongst the assets, files and/or records obtained and retained by Durham at or about the time Ablitt-Scofield ceased active operations.

COUNT I (DECLARATORY JUDGMENT v. DURHAM and MOYNIHAN)

37.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 36 above.

38.    To the extent that Durham took possession of and continues to relinquish possession of the original Note to Deutsche Bank as the lawful owner of such Note, an actual case or controversy exists between the Plaintiff and Durham concerning Durham's unauthorized retention of the original Note and refusal to relinquish same to the Plaintiff.

39.    Since Moynihan has and continues to dispute the Plaintiff's status as owner and/or holder of the Note an actual case or controversy exists between the Plaintiff and Moynihan concerning Plaintiff's standing to foreclose the Mortgage.

40.     Plaintiff seeks a declaratory judgment determining that Deutsche Bank is the lawful owner of the Note and entitled to immediate physical possession of the original Note.

COUNT II (DECLARATORY JUDGMENT v. MOYNIHAN)

41.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 40 hereof.

42.    The Plaintiff was in possession of the original Note directly or indirectly through its attorney, agent and/or custodian and entitled to enforce the terms of such Note when, at some point subsequent to Ocwen's transmittal of the original Note to the Ablitt-Scofield firm in November of 2011 for the purpose of prosecuting the Plaintiff's rights under such Note and the Mortgage securing the Note, loss of possession of the Note occurred.

43.    The Plaintiff's loss of possession of the Note was not the result of a transfer of the Note to another person or entity or the result of a lawful seizure.

44.     Plaintiff cannot reasonably obtain possession of the Note because the Note has been destroyed, its whereabouts, despite diligent search, cannot be determined, or it [the Note] is in the wrongful possession of an unknown person or entity that cannot be found or is not amenable to service of process.

45.     Plaintiff seeks a declaratory judgment pursuant to G.L. c. 231A, §1, et. Seq. and G.L. c. 106, § 3-301(iii) that (a) despite diligent search, Deutsche Bank has been unable to find the original Note; (b) declares that the terms of the Note are as set forth in the copy of the Note attached to this Complaint as Exhibit A; (c) declares that Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3 is the owner and/or holder of the Note or otherwise a party entitled to enforce the Note upon providing such adequate protection, if any, to the obligor-Defendant, James P.  Moynihan, as the Court deems appropriate; and (d) declares that Deutsche Bank, as the owner and/or holder of the note or party otherwise entitled to enforce the terms of the Note is also the holder of the Mortgage and entitled to exercise the default remedies provided for in the Mortgage including exercise of the statutory power of sale.

WHEREFORE, the Plaintiff respectfully requests that the Court:

(a)     Enter Judgment pursuant to G.L. c. 231A, §1, et seq., declaring that the Plaintiff is the lawful owner of the Note and, as such, entitled to immediate physical possession of the Note;

(b)     To the extent that it is established that Durham either directly or indirectly through an agent, attorney or custodian has physical possession of the original Note, issue an Order or Judgment compelling Durham to turn over physical possession of the original Note to Deutsche Bank forthwith;

(c)      In the alternative, enter Judgment pursuant to G.L. c. 231A, §1, et seq. and G.L. c. 106, §3-301(iii) declaring that despite Plaintiff's diligent therefore the original Note has been lost or mislaid; that the terms of the lost Note are as set forth in the copy of the Note proffered by Deutsche Bank and attached to this Complaint as Exhibit A, and that Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3 is the owner and/or holder of the Note and thus entitled to enforce the terms of the Note and of the Mortgage, including exercise of the power of sale for breach of conditions thereof;

(d)      Determine the form of adequate protection to be provided by Deutsche Bank to the Defendant Moynihan so as to permit Deutsche Bank to enforce the terms of the Note;

(e)      Grant such further relief as the court deems just.

Date: December 16, 2015                    Deutsche Bank National Trust Company, as Trustee
                                           for IXIS 2006-HE3
                                           By its attorney,

                                           /s/ John S. McNicholas
                                           John S. McNicholas, Esq., BBO #546542
                                           Korde & Associates, P.C.
                                           321 Billerica Road, Suite 210
                                           Chelmsford, MA 01824
                                           (978)-256-1500 (ext. 203)
                                           jmcnicholas@kordeassoc.com