# EXHIBIT D

(SEAL)

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

MIDDLESEX, ss.                                               MISCELLANEOUS CASE
                                                             No. 10 MISC 436699 (GHP)

JAMES P. MOYNIHAN, )
    Plaintiff, )
)
v. )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, )
    Defendant. )

## J U D G M E N T

Plaintiff James P. Moynihan ("Plaintiff") commenced this action in this court August 16, 2010 seeking a determination that the defendant Deutsche Bank National Trust Company ("Deutsche Bank" or "Defendant") was not the holder of a mortgage ("Mortgage") encumbering the property ("Property") more particularly described in the Mortgage and known as 619-621 Stevens Street, Lowell, Middlesex County, Massachusetts, fee title to which is held of record by Plaintiff subject to the Mortgage. The Mortgage is dated May 1, 2006, was given by Plaintiff to New Century Mortgage Corporation ("New Century"), and is recorded in the Middlesex (North District) Registry of Deeds ("Registry") on May 8, 2006 in Book 20067, Page 159. The Mortgage secures Plaintiff's repayment of a loan evidenced by a promissory note ("Note") to New Century in the original principal amount of $360,000.00. In this action, Plaintiff claims that Defendant is not legally authorized to foreclose the Mortgage, and seeks injunctive relief barring foreclosure.

This case came to be heard October 13, 2011 on Deutsche Bank's motion for summary judgment. After hearing, the court (Piper, J.), from the bench, ALLOWED the motion for summary judgment, for the reasons that were laid upon the record from the bench, and given by the court in a docket entry of that date.

In accordance with the court's rulings, it is

**ORDERED, ADJUDGED, and DECLARED** that by virtue of the assignment of mortgage ("Assignment") dated November 11, 2008, recorded at the Registry on April 30, 2009 in Book 22959, Page 288, Defendant, as Trustee for IXIS 2006-HE3, is the current record holder of the Mortgage, entitled to exercise the power of sale contained in the Mortgage. It is further

**ORDERED, ADJUDGED, and DECLARED** that the Defendant may exercise the power of sale contained in the Mortgage to foreclose it without regard to whether or not Defendant is the current holder of the Note.[1] It is further

**ORDERED and ADJUDGED** that Plaintiff's complaint is DISMISSED with prejudice.

By the Court. (Piper, J).

Attest:

Deborah J. Patterson
Recorder

Dated: December 30, 2011.

A TRUE COPY
ATTEST:
Deborah J. Patterson
RECORDER

---

[1] It matters not that, under some circumstance not shown at all to be the case here, the Note might have come to rest in the hands of someone other than Defendant. In Massachusetts our law long has recognized that a mortgage and the note whose obligations it secures might be held separately. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 652-653 (2011). See Wells Fargo Bank, N.A. v. McKenna, No. 11 MISC 447455 at *3 and n.1 (Order on Plaintiff's Response to Order to Show Cause and Directing Entry of Judgment Dec. 8, 2011)(Piper, J.).

2