UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR IXIS 2006-HE3, | |
|---|---|
| Plaintiff, v. | Case No. 15-CV-14155-IT |
| JAMES P. MOYNIHAN and DURHAM COMMERCIAL CAPITAL CORP., | |
| Defendant | |

**AFFIDAVIT OF** _Sean Bishop_

I _Sean Bishop_, of Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3, having personal knowledge of the facts contained in this affidavit, on oath, state as follows:

1. I am employed by or serve in the capacity of _Contract Management Coordinator_ at Ocwen Loan Servicing, LLC (Ocwen).

2. In my capacity as _Contract Management Coordinator_, I have knowledge of the business records of Ocwen as they relate to the Note and Mortgage which are the subject of the Plaintiff's Complaint filed in this case and of this affidavit. Ocwen's records are kept in the ordinary course of business by persons who have a business duty to make such records. The records are made at or near the occurrence of events so recorded. To the extent records related to the loan come from another entity, those records were received by Ocwen in the ordinary course of its business, have been incorporated into and maintained as part of Ocwen's business records, and have been relied on by Ocwen. I have personal knowledge of the facts set forth in this affidavit based upon my review of Ocwen's business records maintained in

1

connection with the Mortgage and the related Mortgage loan account whose repayment the Mortgage secures.

3. Ocwen services the Loan on behalf Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3 ("Deutsche Bank"). Ocwen's obligations as servicer to Deutsche Bank include sending statements or coupons to the borrower to facilitate payment, collecting payments from the borrower and making scheduled disbursements of principal and interest to accounts maintained for the benefit of Deutsche Bank, maintaining one or more escrow accounts and making disbursements from such account[s] to pay real estate taxes and or hazard insurance premiums due in connection with the Property and to perform other usual and customary residential loan servicing functions.

4. I have read and reviewed the Complaint to establish the terms of the lost note previously filed in this case together with all of the exhibits referenced in and attached to such Complaint.

5. Ocwen's business records reflect that James P. Moynihan ("Moynihan") secured a mortgage loan from New Century Mortgage Corporation ("New Century") on May 1, 2006 (the "Loan").

6. Ocwen's records reflect that the Loan is evidenced by a promissory note in the original principal amount of $360,000.00 dated May 1, 2006, given by Moynihan to New Century (the "Note"). The Note contains a single indorsement in blank New Century. A copy of the Note is attached to the Complaint as Exhibit 1.

7. The Note is secured by a mortgage given by Moynihan to New Century (the "Mortgage") encumbering real estate known as 619-621 Stevens Street, Lowell, Massachusetts (the "Property"). A copy of the recorded Mortgage is attached to the Complaint as Exhibit 2.

8. New Century assigned the Mortgage to Deutsche Bank by assignment dated November 11, 2008. A copy of the recorded assignment is attached to the Complaint as Exhibit 3.

9. Under the terms of the Note and Mortgage Moynihan was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the May 1, 2036 maturity date of the Loan.

10. Effective April 16, 2010, Ocwen acquired the servicing rights to the Loan from Saxon Mortgage Services, Inc. ("Saxon") as evidenced by Saxon's correspondence to Moynihan entitled "Upcoming Change to Loan Servicing" dated April 1, 2010, a copy of which as contained in Ocwen's business records is attached hereto as Exhibit A.

11. Moynihan has defaulted in his monthly payment obligations due under the Note and Mortgage and his mortgage account with Ocwen is now due for the January 1, 2008 payment together with all subsequently accrued but unpaid installments. A copy of the payment history maintained by Ocwen in connection with the Loan is attached hereto as Exhibit B (the "Payment History").

12. As evidenced by the Payment History, the outstanding principal balance alone due in respect of the Note and Mortgage is $359,944.32, exclusive of accrued interest, late charges, escrow advances, attorney's fees and other charges assessed to the account in accordance with the terms and conditions of the Note and Mortgage.

13. Ocwen secured a valuation of the Property from Altisource Real Estate Valuation Services in November of 2014 a copy of which is attached hereto as Exhibit C which determined the estimated value of the Property to be $264,000.00.

14. Ocwen secured an updated valuation of the Property in December of 2015 a copy of which is attached hereto as Exhibit D which determined the estimated value of the Property to be $268,000.00.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 24 day of March, 2016.

Ocwen Loan Servicing, LLC, as servicer for Deutsche Bank National Trust Company, as Trustee for IXIS 2006-HE3

By: _____
Sean Bishop
Title: Contract Management Coordinator

**STATE OF FLORIDA** )
)
**COUNTY OF PALM BEACH** )

The foregoing instrument was acknowledged and sworn before me this 24 day of March, 2016, by Sean Bishop as a Contract Management Coordinator of Ocwen Loan Servicing, LLC, who is personally known to me or who has produced _____ as identification.

_____
Notary Public - State of Florida
**Marlene Saunders**

My Commission Expires: 10/11/19

Notary Public State of Florida
Marlene Saunders
My Commission FF 923278
Expires 10/01/2019

4